McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:19-CR-205-NONE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MICHAEL DAVID SHAFER, | DATE: September 21, 2020 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is set for status conference on September 21, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

### STIPULATION

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6         1.       By previous order, this matter was set for status on September 21, 2020.

7         2.       By this stipulation, defendant now moves to continue the status conference until October

8    19, 2020, and to exclude time between September 21, 2020, and October 19, 2020, under Local Code

9    T4.

10        3.       The parties agree and stipulate, and request that the Court find the following:

11               a)       The government has represented that the discovery associated with this case

12        includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and

13        text messages, photographs, and other media.  This discovery has been either produced directly

14        to counsel and/or made available for inspection and copying.

15               b)       Shafer was previously represented by attorney Roger Wilson. On February 19,

16        2020, attorney Arturo Hernandez was substituted as Shafer's attorney.  Attorney Hernandez

17        desires additional time to consult with his client, review the charges and discovery, conduct

18        investigation, and discuss a potential resolution with his client and the government, especially

19        since he recently began representing Shafer.   Since the last continuance, Mr. Hernandez worked

20        diligently to file compile the necessary documentation to post a secured bond for Mr. Shafer.

21        Mr. Hernandez also represents that he may file a motion for new counsel given an alleged

22        breakdown in communications between him and Mr. Shafer.  Given the possibility of such a

23        motion, additional time is needed.  In addition, if Mr. Hernandez remains as Mr. Shafer's counsel

24        of record, he will still need additional time to review the thousands of pages of discovery, discuss

25        the discovery with his client, prepare any pretrial motions, conduct plea negotiations, and prepare

26        for trial if necessary.

27               c)       Counsel for defendant believes that failure to grant the above-requested

28        continuance would deny him/her the reasonable time necessary for effective preparation, taking

1   into account the exercise of due diligence.

2         d)     The government does not object to the continuance.

3         e)     In addition to the public health concerns cited by General Order 611 and

4   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

5   this case because counsel have been encouraged to telework and minimize personal contact to

6   the greatest extent possible.  It will be difficult to avoid personal contact should the hearing

7   proceed. In addition, the defendant has not filed a waiver of personal appearance for status

8   conferences under Rule 43, and therefore prison staff, the Marshals, and court security officers

9   will need to be present to while he appears by videoconference for a hearing. This will increase

10  potential exposure to COVID-19.

11        f)     Based on the above-stated findings, the ends of justice served by continuing the

12  case as requested outweigh the interest of the public and the defendant in a trial within the

13  original date prescribed by the Speedy Trial Act.

14        g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

15  et seq., within which trial must commence, the time period of September 21, 2020 to October 19,

16  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

17  T4] because it results from a continuance granted by the Court at defendant's request on the basis

18  of the Court's finding that the ends of justice served by taking such action outweigh the best

19  interest of the public and the defendant in a speedy trial.

20      4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

21  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

22  must commence.

23      IT IS SO STIPULATED.

24

25

26

27

28

Dated:  September 14, 2020                McGREGOR W. SCOTT
                                         United States Attorney


                                         /s/ ROSS PEARSON
                                         ROSS PEARSON
                                         Assistant United States Attorney


Dated:  September 14, 2020                /s/ ARTURO HERNANDEZ
                                         ARTURO HERNANDEZ
                                         Counsel for Defendant
                                         MICHAEL DAVID SHAFER
                                         (authorized by email on
                                         September 14, 2020)


## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated:   **September 14, 2020**                 /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE